**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
_____ **DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 06 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

Tyronne G. Davis, Sr.

11519 Tahoe Lane

Little Rock, AR 72212
_____
(Name of plaintiff or plaintiffs)

v.

CIVIL ACTION NO. 4:20cv128-JM
(case number to be supplied by the assignment clerk)

Robert Wilkie, Secretary

810 Vermont Ave., N.W.

Washington, DC 20420
_____
(Name of defendant or defendants)

This case assigned to District Judge Moody
and to Magistrate Judge Ray

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for

employment discrimination.  Jurisdiction is specifically conferred on the Court by 42 U.S.C.

§2000e-5.   Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.      Plaintiff,  Tyronne G. Davis, Sr. , is a

(name of plaintiff)

citizen of the United States and resides at 11519 Tahoe Lane ,

(street address)

Little Rock , Pulaski , AR , 72212 ,

(city)                 (county)              (state)          (ZIP)

501-228-5665 .

(telephone)

3.      Defendant,  Robert Wilkie, Secretary , lives at, or its

(name of defendant)

business is located at 810 Vermont Ave., N.W. , Washington ,

(street address)                                  (city)

_____ , DC , 20420 .

(county)              (state)          (ZIP)

4.      Plaintiff sought employment from the defendant or was employed by the

defendant at _2200 Ft. Roots Dr._____, _N. Little Rock_____,
_Pulaski_____, ___AR_____, _72114_____.
(street address)                              (city)
(county)          (state)          (ZIP)

5.     Defendant discriminated against plaintiff in the manner indicated in paragraphs 9

and 10 of the complaint on or about _August_____  _1_____  _2016_____.
                                    (month)      (day)   (year)

6.     Plaintiff filed charges against the defendant with the Equal Employment

Opportunity Commission charging defendant with the acts of discrimination indicated in

paragraphs 9 and 10 of this complaint on or about _October__ _27__ _2016___.
                                                  (month)  (day)  (year)

7.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue

which was received by plaintiff on _November 23, 2019_____, a copy of which notice
                                   (month)   (day)   (year)
is attached to this complaint.

8.     Because of plaintiff's (1) _X__ race, (2) _X__ color, (3) _X__ sex,

(4) _____ religion, (5) _____ national origin, defendant:  AND REPRISAl

        (a) _____ failed to employ plaintiff.

        (b) _____ terminated plaintiff's employment.

        (c) _____ failed to promote plaintiff.

        (d) _X_ Insulted and pressured to leave

_____

_____

_____

_____

9.     The circumstances under which the defendant discriminated against plaintiff were

as follows: 1.) insufficient work to meet production requirements
2.) Place on Performance Improvement Plan without supporting verified documents
3.) Not providing adequate training during performance plan

_____

_____

_____

_____

_____

10.   The acts set forth in paragraph 9 of this complaint:

(a) _____ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) _____ may still be being committed by defendant.

11.   Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) _____ Defendant be directed to re-employ plaintiff, and

(c) _____ Defendant be directed to promote plaintiff, and

(d)  X  Defendant be directed to  2.5 years of back pay

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

SIGNATURE OF PLAINTIFF



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Tyronne Davis, Sr., a/k/a
Mario K.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 2019005260

Appeal No. 0120181337

Agency No. 200303502017101068

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120181337 (June 12, 2019). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant worked as a Rating Veterans Service Representative, GS-0996-12, at the Agency's Regional Office in Little Rock, Arkansas. Complainant filed an EEO complaint alleging that he was discriminated against and subjected to a hostile work environment on the bases of race (African American), sex (male), and reprisal when: (1) from August 1, 2016 to February 21, 2017, he was not assigned sufficient work to meet his production credits; (2) on September 19, 2016, Complainant was placed on a Performance Improvement Plan (PIP), without supporting documents; (3) from September 19 through December 13, 2016, Complainant was assigned End Products (EP) 600 (reduction EPs) cases during the PIP evaluation period; (4) on October 27, 2016, Complainant was denied a within-grade step increase; (5) on December 13, 2016,

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Complainant was assigned Ratings EPs without any previous training; (6) in January 2017, Complainant was assigned to work in the Intake Processing Center; (7) in February 2017, his supervisor refused to consider the 12 hours of official time that Complainant was away from the job because of his EEO case when calculating Complainant's monthly production rate; and (8) on February 15, 2017, Complainant's request for training was denied.

Our prior appellate decision affirmed the Agency's final decision that concluded that Complainant failed to prove that the Agency subjected him to discrimination or a hostile work environment as alleged. The decision also noted that Complainant failed to request a hearing within the timeframes provided in 29 C.F.R. § 1614.108(f).

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and again, requests a hearing. We emphasize that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120181337 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.**

3                                           2019005260

The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


November 19, 2019
Date

4                                        2019005260

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Tyronne Davis, Sr.
11519 Tahoe Lane
Little Rock, AR  72212

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC  20420

November 19, 2019
Date


Compliance and Control Division

# CERTIFICATE OF MAILING

**For timeliness purposes, I will presume, that this Civil Action was received within five (5) calendar days after date of filing with the United States District Court, Eastern District of Arkansas.** I certify this civil action was mailed to the following recipients on the date of filing.

Robert Wilkie, Secretary
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, DC 20420

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, DC 20420

February 6, 2020

Date of Filing

Tyronne G. Davis Sr.